FILED
IN OPEN COURT

NOV 1 5 2022

DISTRICT COURT
[illegible] VA

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | <u>FILED UNDER SEAL</u> |
| | ) | |
| v. | ) | CRIMINAL NO. 4:22-cr-___ |
| | ) | |
| ANA PATRICIA ARAGON | ) | 18 U.S.C. § 371 |
| LANDAVERDE, | ) | Conspiracy to Defraud and Commit |
| (Counts 1-21, 24-33) | ) | Offenses Against the United States |
| | ) | (Count 1) |
| JEFFREY DEAN VAUGHAN, | ) | |
| (Counts 1-20, 24-33) | ) | 8 U.S.C. § 1324(a)(1)(A)(iv); 18 |
| | ) | U.S.C. § 2 |
| GEORGE WILLIAM EVANS, | ) | Encouraging and Inducing Illegal |
| (Counts 1-21, 24-33) | ) | Entry |
| | ) | (Count 2-5) |
| FNU LNU, using a phone number | ) | |
| (last four digits 8523) | ) | 8 U.S.C. § 1324(a)(1)(A)(iii); 18 |
| (a/k/a "Juanito," a/k/a "Luisito," | ) | U.S.C. § 2 |
| a/k/a "Rodrigo Sis Reyes") | ) | Harboring Undocumented Non- |
| (Counts 1, 21-23) | ) | Citizens |
| | ) | (Counts 6-12) |
| Defendants. | ) | |
| | ) | 8 U.S.C. § 1324(a)(1)(A)(ii); 18 |
| | ) | U.S.C. § 2 |
| | ) | Transporting Undocumented Non- |
| | ) | Citizens |
| | ) | (Counts 13-18) |
| | ) | |
| | ) | 18 U.S.C. §§ 1589(b) and 2 |
| | ) | Benefitting from Forced Labor |
| | ) | (Count 19) |
| | ) | |
| | ) | 18 U.S.C. §§ 1590(a) and 2 |
| | ) | Human Trafficking of Labor |
| | ) | (Count 20) |
| | ) | |
| | ) | |
| | ) | 18 U.S.C. §§ 1028(a)(2) |
| | ) | Unlawful Transfer of False |
| | ) | Identification Documents |
| | ) | (Counts 21-23) |
| | ) | |

|  |  |
|---|---|
| ) | 18 U.S.C. § 1956(h) |
| ) | Conspiracy to Launder Money |
| ) | (Count 24) |
| ) |  |
| ) | 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 |
| ) | International Money Laundering |
| ) | (Counts 25-30) |
| ) |  |
| ) | 18 U.S.C. §§ 1957 and 2 |
| ) | Engaging in Monetary Transactions in |
| ) | Criminally Derived Proceeds |
| ) | (Counts 31-33) |
| ) |  |
| ) | 18 U.S.C. §§ 982(a)(1), 982(a)(2)(B), |
| ) | 982(a)(6), 1028(b)(5), and 1594(d); 8 |
| ) | U.S.C. § 1324(b); 28 U.S.C. § 2461(c) |
| ) | Asset Forfeiture |
| ) |  |
| ) |  |
| ) |  |
| ) |  |
| ) |  |

## INDICTMENT

November 2022 Term – at Newport News, Virginia

## GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1.      The Department of Homeland Security (DHS) is a federal agency responsible for, among other things, border security and immigration and customs.  DHS administers, regulates, and enforces regulations and laws related to the hiring and employment of undocumented non-citizens in the United States.  DHS is also responsible for the regulation and enforcement of unlawful transportation, harboring, and encouragement and inducement of illegal entry into the United States by foreign nationals.

<u>The Defendants and Associated Business Entities</u>

2.      ANA  PATRICIA  ARAGON  LANDAVERDE  (hereinafter  "ARAGON LANDAVERDE") is a Lawful Permanent Resident of the United States who was born in El Salvador.  She first entered the United States without admission or parole on or about February 25, 2005, at Hidalgo, Texas.  At various times from 2015 to the present, she served as an employee and manager for Northstar Holdings of Virginia LLC, d/b/a Magnolia Cleaning Services LLC. ARAGON LANDAVERDE and JEFFREY DEAN VAUGHAN live together at **** Greenwich Mews, Williamsburg, Virginia within the Eastern District of Virginia.

3.      The business entity Northstar Holdings of Virginia LLC d/b/a Magnolia Cleaning Services LLC is in the business of cleaning and delivering linens to various hospitality establishments in Virginia.  The business operates an approximately twenty-four (24) hour, seven (7) days a week operation from a commercial laundry facility set up inside a warehouse located at *** Stafford Court, Williamsburg, Virginia within the Eastern District of Virginia.  In 2021, MAGNOLIA filed a U.S. Tax Return for an S Corporation and reported in its Schedules K-1 that EVANS and VAUGHAN were both 50% owners of the business.

4.      In or about August 2011, the Clerk's Office of the Virginia State Corporation Commission filed "articles of amendment" to change the name of Northstar Business Consulting LLC, to Northstar Holdings of Virginia LLC.  Included was a certificate of assumed or fictitious name that identified the business name as Magnolia Cleaning Services LLC, and JEFFREY D. VAUGHAN as the Managing Director.  In October 2011, the Registered Agent for Northstar Holdings of Virginia LLC was changed to GEORGE WILLIAM EVANS.  Magnolia Cleaning Services LLC will hereinafter be referred to as "MAGNOLIA" or "the Company."  MAGNOLIA

has business bank accounts with Chesapeake Bank with EVANS and VAUGHAN listed as member agents.

5.     JEFFREY DEAN VAUGHAN (hereinafter "VAUGHAN") is a citizen of the United States who resides at **** Greenwich Mews, Williamsburg, Virginia.  At various times, VAUGHAN served as the Managing Director and 50% owner of MAGNOLIA.

6.     GEORGE WILLIAM EVANS (hereinafter "EVANS") is a United States Citizen who resides in Midlothian, Virginia.  At various times, EVANS served as Shift Supervisor, Managing Director, and 50% owner of MAGNOLIA.  Among other things, he was responsible for on-boarding new hires at MAGNOLIA.

7.     FNU LNU using telephone number (last four digits 8523) also known as "Juanito," "Luisito," and "Rodrigo Sis Reyes" (hereinafter FNU LNU) is not fully identified to the grand jury.  ARAGON LANDAVERDE referred FNU LNU, telephone number (last four digits 8523) to others as a supplier from which one could purchase fraudulent identification documents.  FNU LNU resided at **** Armfield Road in Richmond, Virginia, within the Eastern District of Virginia.

## Employment of Undocumented Non-Citizens in the United States

8.     Under United States laws and regulations, non-citizens of the United States ("aliens") are not permitted to work in the United States unless they obtain employment authorization from the United States Government.

## MAGNOLIA's Efforts to Harbor, Transport, and Benefit from the Employment of Undocumented Non-Citizens

9.     From approximately 2015 through the date of the Indictment, MAGNOLIA – under and through the management and control of defendants ARAGON LANDAVERDE, VAUGHAN,

and EVANS – recruited foreign nationals from Central America to work as employees in its commercial laundry business in Williamsburg, Virginia.

10.     MAGNOLIA, ARAGON LANDAVERDE, VAUGHAN, and EVANS employed, transported, and harbored undocumented non-citizens working for the laundry business.  They also paid for, coordinated, and illegally brought foreign nationals to the United States to work in the laundry business from countries in Central America like El Salvador.

11.     MAGNOLIA, ARAGON LANDAVERDE, VAUGHAN, and EVANS threatened employees of the business with deportation or other legal consequences if they stopped working for the business or otherwise refused their directives.

12.     In many cases, employees who were brought to the United States by MAGNOLIA, ARAGON LANDAVERDE, VAUGHAN, and EVANS incurred substantial debts for the amounts paid to bring them to the United States.  In some cases, these workers were housed in the laundry facility or other locations at the direction of ARAGON LANDAVERDE, VAUGHAN, and EVANS.  Employees were required to pay the business rent for these accommodations.

13.     ARAGON LANDAVERDE, VAUGHAN, and EVANS used the debts and other financial obligations of employees as leverage to coerce employees to work long shifts laundering, drying, and folding linens and other garments in a facility without air conditioning in the summer or heat in the winter.  They also used these debts to control employees and prevent them from leaving the business.

14.     ARAGON LANDAVERDE, VAUGHAN, and EVANS arranged for foreign nationals who were not legally allowed to work in the United States to obtain fraudulent identification documents.  In many cases, they directed these undocumented non-citizens to FNU LNU, using telephone number (last four digits 8523) also known as "Juanito", "Luisito", and

"Rodrigo Sis Reyes." He sold these individuals the fraudulent documentation to make it appear they were eligible to work in the United States.

15. From in or about February 2017 through present, MAGNOLIA maintained operating bank accounts with Chesapeake Bank in the name Northstar Holdings of Vigrinia, LLC, d/b/a Magnolia Cleaning Services LLC, with two account numbers (last four digits 0578 and 0608). These accounts were utilized to take in revenue from laundry services rendered by MAGNOLIA in the Eastern District of Virginia. The accounts were also utilized to pay for the rental costs for the company's operating location, wage payments, and other associated business costs.

16. From in or about July 2011, through in or about at least the second quarter of 2022, MAGNOLIA uused ADP Small Business Services for payroll/human resources features such as checks, tax filing, and new hire reporting. The ADP Sales Order was signed by EVANS as the authorized representative.

17. From in or about 2017 through in or about March 2022, the MAGNOLIA operating account (last four digits 0578) with Chesapeake Bank received approximately $9,846,577.00 in deposits.

18. From in or about 2017 through in or about March 2022, MAGNOLIA paid rent for the warehouse space where the laundry facility is located at *** Stafford Court in Williamsburg, Virginia. Approximately $938,366.00 from the MAGNOLIA operating account (last four digits 0578) was spent on rent for the warehouse.

19. From in or about the first quarter of 2018 through in or about the first quarter of 2022, payroll checks were written from the MAGNOLIA account and were made payable to numerous known and unknown MAGNOLIA employees. The payroll checks issued to the

MAGNOLIA employees were signed by EVANS.  In total, approximately $2,591,390.00 in payroll checks were paid from the MAGNOLIA operating accounts (last four digits 0578 and 0608).   Approximately $1,252,020.00 was paid to MAGNOLIA employees with invalid or mismatched Social Security Numbers.

20.     For the time period from in or about the first quarter of 2018 through in or about the first quarter of 2022, MAGNOLIA's wage records reflect approximately 121 employees with invalid or mismatched Social Security Numbers.

<u>COUNT ONE</u>
(Conspiracy to Defraud and Commit Offenses Against the United States)

THE GRAND JURY CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      Beginning on a date unknown to the Grand Jury, but believed to be in or about at least 2015, and continuing until in or about the time of the Indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN, GEORGE WILLIAM EVANS, and FNU LNU, using telephone number (last four digits 8523), also known as "Juanito", "Luisito", and "Rodrigo Sis Reyes," the defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree with each other and others known and unknown to the Grand Jury, to:

a. defraud the United States of America concerning one or more of its lawful government functions and rights hereafter described, that is:

aa.     To defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of DHS to administer, regulate and enforce the regulations and laws related to the hiring and employment of undocumented non-citizens in the United States;

bb.     To defraud the United States by impeding, impairing, and obstructing the lawful governmental functions of DHS to regulate and enforce violations, regulations and laws relating to the transportation, harboring, encouragement and inducement of illegal entry into the United States by foreign nationals;

b. commit one or more of the following offenses, that is:

aa. To encourage and induce undocumented non-citizens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iv);

bb. To conceal, harbor and shield from detection undocumented non-citizens in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iii);

cc. To transport and move undocumented non-citizens within the United States by means of transportation and otherwise in furtherance of such violation of law for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(ii);

dd. To knowingly and without lawful authority, produce a false identification document appearing to be a document issued by and under the authority of the United States, in violation of 18 U.S.C. § 1028(a)(1);

ee. To knowingly transfer a false identification document appearing to be a document issued by and under the authority of the United States, knowing that such document was produced without lawful authority, in violation of 18 U.S.C. § 1028(a)(2);

ff. To knowingly possess with intent to transfer unlawfully five or more false identification documents appearing to be documents issued by and under the authority of the United States, in violation of 18 U.S.C. § 1028(a)(3);

gg. To knowingly obtain labor or services of a person by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another

person, by means of the abuse or threatened abuse of law or legal process, in violation of 18 U.S.C. § 1589(a)(1) and 18 U.S.C. § 1589(a)(3).

hh.  To knowingly recruit, harbor, transport, provide or obtain by any means any person for labor or services by means of force, threats of force, and abuse or threatened abuse of law or legal process in violation of 18 U.S.C. § 1590(a).

<u>WAYS, MANNER, AND MEANS OF THE CONSPIRACY</u>

The ways, manner and means by which the foregoing objectives of the conspiracy to defraud the United States and commit offenses against the United States were to be accomplished included, but were not limited to, the following:

3.  The primary purpose of the conspiracy was for the conspirators to illegally induce and recruit, for employment purposes, foreign nationals to illegally enter the United States from Central America for the purpose of harboring and transporting such violators to engage in continued illegal employment that served to provide financial gain and benefit to the conspirators, without meeting and while circumventing and obstructing the lawful requirements for employing foreign nationals imposed by agencies of the United States.

4.  It was further part of the conspiracy for the conspirators to facilitate the transportation of foreign nationals to illegally enter the United States from Central America by funding payments, making payments themselves, and directing MAGNOLIA employees to make payments to unindicted coconspirators through multiple money service businesses that can conduct international funds transfers.

5.  It was further a part of the conspiracy that the coconspirators provided airplane tickets to undocumented non-citizens who illegally entered the United States from El Salvador, to travel to and within the United States for the purpose of employment with the Company.

6. It was further a part of the conspiracy for conspirators and others to provide foreign nationals who illegally entered the United States with transportation by automobile or other means upon their arrival in a particular region to the coconspirators' place of employment and to lodging locations or houses where the foreign nationals who illegally entered the United States would be residing while employed.

7. It was further a part of the conspiracy for conspirators and others to harbor and provide shelter to foreign nationals who illegally entered the United States, including housing consisting of the residence owned by VAUGHAN located at **** Greenwich Mews in Williamsburg, and the warehouse of the business located at *** Stafford Court in Williamsburg, Virginia, in exchange for rent payments from the foreign nationals.

8. It was further a part of the conspiracy for the conspirators to use foreign nationals who illegally entered the United States from El Salvador and elsewhere as employees to work as laborers at the commercial laundry facility.

9. It was further a part of the conspiracy for the conspirators to pay the MAGNOLIA employees who were foreign nationals who illegally entered the United States from El Salvador, by means of payroll check from MAGNOLIA's business operating account at Chesapeake Bank.

10. It was further a part of the conspiracy that conspirators and others would collect cash payments from the undocumented non-citizens to repay purported costs incurred for their immigration to the United States, for living in housing provided by the conspirators, and for the provision of food by the conspirators.

11. It was further a part of the conspiracy that the conspirators would facilitate the purchase of fraudulent identification documents so that foreign nationals that illegally entered the

United States from Central America and elsewhere would appear to have a valid Social Security Number on record for employment with MAGNOLIA.

12.     It was further part of the conspiracy that the conspirators utilized force, threats of force, and threats of making reports to law enforcement for the purpose of deportation to obtain labor services for MAGNOLIA from employees who were known by the conspirators to have illegally entered the United States.

## OVERT ACTS

In furtherance of the conspiracy and to bring about the objects and goals of the conspiracy to defraud and to commit offenses against the United States, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN, GEORGE WILLIAM EVANS, and FNU LNU using telephone number (last four digits 8523), also known as "Juanito", "Luisito", and "Rodrigo Sis Reyes," the defendants herein, along with other known and unknown co-conspirators committed overt acts in the Eastern District of Virginia, and elsewhere, including but not limited to the following:

**A.    Illegal Conduct Involving Victims Minor M.M. and N.R.**

1.     In or about 2017, ARAGON LANDAVERDE provided victims M.M. and N.R. – undocumented non-citizens who at the time lacked status to work in the United States – the telephone number of a document vendor to obtain fraudulent identification documents, so they could work at MAGNOLIA under the assumed names L.T. and N.T. The fraudulent identification obtained by M.M. under the assumed name L.T. listed his age as eighteen (18) years old when, in fact, he was a juvenile.

2.      On or about November 24, 2017, EVANS[1] issued MAGNOLIA paycheck 1029282 for $470.89 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.M. under the assumed name L.T., knowing M.M. had no legal authorization to work in the United States.

3.      On or about November 24, 2017, EVANS issued MAGNOLIA paycheck 1029283 for $783.40 from the business's bank account at Chesapeake Bank (last four digits 0608) to N.R. under the assumed name N.T., knowing N.R. had no legal authorization to work in the United States.

4.      On or about December 8, 2017, EVANS issued MAGNOLIA paycheck 1029301 for $510.86 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.M. under the assumed name L.T., knowing M.M. had no legal authorization to work in the United States.

5.      On or about December 8, 2017, EVANS issued MAGNOLIA paycheck 1029302 for $754.16 from the business's bank account at Chesapeake Bank (last four digits 0608) to N.R. under the assumed name N.T., knowing N.R. had no legal authorization to work in the United States.

6.      On or about December 22, 2017, EVANS issued MAGNOLIA paycheck 1029325 for $407.64 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.M. under the assumed name L.T., knowing M.M. had no legal authorization to work in the United States.

---

[1] Although EVANS directly issued paychecks for MAGNOLIA in his capacity as a part-owner and manager of the business, VAUGHAN and LANDAVERDE also caused these checks to be issued by virtue of their roles in the Company.

7.      On or about December 22, 2017, EVANS issued MAGNOLIA paycheck 1029326 for $753.04 from the business's bank account at Chesapeake Bank (last four digits 0608) to N.R. under the assumed name N.T., knowing N.R. had no legal authorization to work in the United States.

8.      On or about January 5, 2018, EVANS issued MAGNOLIA paycheck 1029344 for $635.39 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.M. under the assumed name L.T., knowing M.M. had no legal authorization to work in the United States.

9.      On or about January 5, 2018, EVANS issued MAGNOLIA paycheck 1029345 for $871.85 from the business's bank account at Chesapeake Bank (last four digits 0608) to N.R. under the assumed name N.T., knowing N.R. had no legal authorization to work in the United States.

10.     On or about January 19, 2018, EVANS issued MAGNOLIA paycheck 1029361 for $519.93 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.M. under the assumed name L.T., knowing M.M. had no legal authorization to work in the United States.

11.     On or about January 19, 2018, EVANS issued MAGNOLIA paycheck 1029362 for $638.91 from the business's bank account at Chesapeake Bank (last four digits 0608) to N.R. under the assumed name N.T., knowing N.R. had no legal authorization to work in the United States.

12.     During approximately 2017 through 2022, ARAGON LANDAVERDE repeatedly threatened victim M.M. with deportation and criminal prosecution if he disobeyed her directives about working at MAGNOLIA.

**B.     Illegal Conduct Involving Victims Minor Child M.G.M. and Adult Sister M.C.G.**

13.     On or about February 12, 2019, minor child M.G.M and her adult sister M.C.G. illegally entered the United States from Mexico, at Roma, Texas and were encountered by the United States Border Patrol.   M.C.G. stated she intended to seek asylum in the United States. M.G.M. was temporarily held in a detention center for minor children.   M.C.G. was processed for removal from the United States and was released.   M.C.G. travelled to Williamsburg, Virginia, in or about March 2019 and began working at MAGNOLIA.

14.     Beginning in on or about March 2019, M.C.G. was documented in the MAGNOLIA payroll as having a Social Security Number (last four digits 0196).   This Social Security Number (last four digits 0196) does not belong to M.C.G.   Social Security Number (last four digits 0196) is valid and belongs to identity theft victim S.C.M.

15.     On or about March 30, 2019, EVANS issued MAGNOLIA check 000649 for $1,027.14 from the business's bank account at Chesapeake Bank (last four digits 0578) to M.C.G., knowing M.C.G. had no legal authorization to work in the United States.  The check memo read, "net pay through March 24."

16.     On or about April 12, 2019, EVANS issued MAGNOLIA paycheck 1029850 for $987.58 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.C.G., knowing M.C.G. had no legal authorization to work in the United States.

17.     On or about April 26, 2019, EVANS issued MAGNOLIA paycheck 1029864 for $1,129.28 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.C.G., knowing M.C.G. had no legal authorization to work in the United States.

18.     On or about May 10, 2019, EVANS issued MAGNOLIA paycheck 1029877 for $1,260.44 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.C.G., knowing M.C.G. had no legal authorization to work in the United States.

19.     On or about May 24, 2019, EVANS issued MAGNOLIA paycheck 1029890 for $851.23 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.C.G., knowing M.C.G. had no legal authorization to work in the United States.

20.     On or about June 18, 2019, M.G.M. arrived in Richmond, Virginia at the Richmond airport. M.G.M. was transported from the airport to Williamsburg, Virginia, by VAUGHAN, ARAGON LANDANVERDE, M.C.G., S.J.M.A., and L.A.C.G. in VAUGHAN's white truck. M.G.M. began residing with ARAGON LANDAVERDE, VAUGHAN, and other employees of MAGNOLIA at **** Greenwich Mews in Williamsburg, Virginia.

21.     In or about June or July 2019, ARAGON LANDAVERDE arranged for M.G.M. to purchase a fraudulent identification document and social security card for $300 by having M.C.G. photograph M.G.M. The fraudulent identification listed M.G.M.'s age as seventeen (17) years old when in fact she was approximately thirteen (13) years old at the time.

22.     Beginning in on or about June or July 2019, M.G.M was documented in the MAGNOLIA payroll system as having a Social Security Number (last four digits 2647). Social Security Number (last four digits 2647) does not belong to M.G.M. Social Security Number (last four digits 2647) was valid and belonged to identity theft victim A.S.

23.     On or about August 2, 2019, EVANS issued MAGNOLIA paycheck 1029973 for $1,196.60 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.G.M., knowing M.G.M. had no legal authorization to work in the United States.

24.     On or about August 3, 2019, EVANS issued MAGNOLIA check 000766 for $2,113.71 from the business's bank account at Chesapeake Bank (last four digits 0578) to M.G.M., knowing M.G.M. had no legal authorization to work in the United States.  The check memo read, "replace check 734, name incorrect."

25.     On or about August 16, 2019, EVANS issued MAGNOLIA paycheck 1029989 for $1,218.09 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.G.M., knowing M.G.M. had no legal authorization to work in the United States.

26.     On or about August 30, 2019, EVANS issued MAGNOLIA paycheck 1030001 for $1,093.75 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.G.M., knowing M.G.M. had no legal authorization to work in the United States.

27.     On or about September 13, 2019, EVANS issued MAGNOLIA paycheck 1030013 for $1,004.32 from the business's bank account at Chesapeake Bank (last four digits 0608) to M.G.M., knowing M.G.M. had no legal authorization to work in the United States.

28.     Beginning in or about June 2019 and continuing thereafter at various times, ARAGON LANDAVERDE informed M.G.M. she owed a $5,000 debt to repay ARAGON LANDAVERDE for the cost of payments to bring M.G.M. to the United States from Central America.  ARAGON LANDAVERDE collected $400 to $500 bi-weekly from M.G.M until the debt was paid.

29.     Beginning in or about June 2019 through approximately April 2022, ARAGON LANDAVERDE and VAUGHAN collected $325 from M.G.M. each month for rent for her to live at their residence located at **** Greenwich Mews in Williamsburg, Virginia.

30.     Beginning in or about June 2019 through approximately April 2022, ARAGON LANDAVERDE and VAUGHAN collected $200 to $300 per month from M.G.M. for food.

31.      In or about the 2019-2020 school year, ARAGON LANDAVERDE physically hit M.G.M. with a belt for making friends with other juveniles while at school. Under the management of ARAGON LANDAVERDE, VAUGHAN, and EVANS, the business prohibited M.G.M. from having any friends or contacts outside of MAGNOLIA.

32.      Beginning in or about June 2019 through approximately April 2022, ARAGON LANDAVERDE repeatedly threatened to have M.G.M. deported if she refused to work at MAGNOLIA or otherwise disobeyed the directives of ARAGON LANDAVERDE, VAUGHAN, and EVANS.   ARAGON LANDAVERDE further threatened M.G.M. that her contacts in El Salvador would hurt and/or kill her upon her return to El Salvador if she refused to perform work tasks as directed.

**C.      Payments for Foreign Nationals to Come to the United States.**

33.      Between in or about at least 2019 and in or about 2022, ARAGON LANDAVERDE, VAUGHAN, EVANS, and MAGNOLIA provided their employees with U.S. currency and directed them to wire funds to Central America to pay for foreign nationals to illegally come to the United States and work for their commercial laundry business.

34.      On or about February 9, 2019, ARAGON LANDAVERDE's daughter S.J.M.A. wired approximately $1,000.00 from Williamsburg, Virginia, to L.H. in Santa Ana, El Salvador.

35.      On or about May 19, 2021, ARAGON LANDVERDE's daughter S.J.M.A. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,000 to D.P.V. in Santa Ana, El Salvador.

36.      On or about May 19, 2021, L.A.C.G. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,000 to J.G.L.A. in Santa Ana, El Salvador.

37.     On or about June 7, 2021, L.A.C.G. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to E.D.C.P.N.  in Guanjuato, Mexico.

38.     On or about June 7, 2021, ARAGON LANDAVERDE sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to B.D.P.N. in Guanjuato, Mexico.

39.     On or about June 7, 2021, ARAGON LANDVERDE provided MAGNOLIA employee and victim M.M. with $1,500 in U.S. currency and directed him to send a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to A.P.N. in Guanjuato, Mexico.

40.     On or about June 7, 2021, ARAGON LANDVERDE's daughter S.J.M.A. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to K.P.B.I. in Guanjuato, Mexico.

41.     On or about August 5, 2021, ARAGON LANDVERDE's daughter S.J.M.A. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,250 to M.D.L.A.G.C. in Tepotzotlan, Mexico.

42.     On or about August 5, 2021, L.A.C.G. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,250 to M.I.G.C. in Tepotzotlan, Mexico.

43.     On or about August 12, 2021, ARAGON LANDVERDE's daughter, S.J.M.A., sent a MoneyGram wire transfer from Williamsburg, Virginia for $2,000 to O.A.A.G. in Ahuachapan, El Salvador.

44.     On or about August 12, 2021, ARAGON LANDAVERDE completed an ATM withdrawal from her personal bank account at Bank of America (last four digits 5717) for approximately $2,300.00.

45.     On or about August 12, 2021, ARAGON LANDVERDE sent a MoneyGram wire transfer from Williamsburg, Virginia, for $2,000 to I.E.L.A. in Nueva Concepcion, El Salvador.

**D.     Illegal Conduct Involving Victims V.M.G. and Her Infant Son G.M.G.**

46.     On or about August 11, 2021, V.M.G. and her infant son G.M.G. illegally crossed the border from Mexico to the United States at Roma, Texas, and were encountered by the United States Border Patrol.  V.M.G. and her son were processed by the Border Patrol and released.

47.     On or about August 11, 2021, ARAGON LANDAVERDE accessed the internet booking service Expedia from the business facility for MAGNOLIA located at *** Stafford Court in Williamsburg, Virginia to purchase airline tickets with her Visa Card connected to her personal bank account at Bank of America (last four digits 5717) in the amount of $455.50 for V.M.G. and G.M.G. to fly from McAllen, Texas to Richmond, Virginia.

48.     On or about August 12, 2021, VAUGHAN and L.A.C.G. transported V.M.G. and G.M.G. in a white pickup truck from the Richmond International Airport to MAGNOLIA in Williamsburg, Virginia.  V.M.G. began working lengthy shifts at MAGNOLIA on or about the following day.

49.     Between on or about August 12, 2021, and on or about October 8, 2021, MAGNOLIA, VAUGHAN, ARAGON LANDAVERDE, and EVANS provided living quarters for V.M.G. inside an office of the MAGNOLIA warehouse at *** Stafford Road, Williamsburg, Virginia.  V.M.G. worked and lived inside the laundry facility with her infant son, sleeping on a cot, and preparing meals with an electric pan.  No kitchen stove or shower facilities were available. While V.M.G. worked lengthy hours in the laundry facility, her son, G.M.G., was left in his stroller with his bottle tied to the chair.

50.    In or about August 2021, ARAGON LANDAVERDE arranged for V.M.G. to purchase a fraudulent identification document to be used to gain employment at MAGNOLIA by having M.C.G. photograph V.M.G.

51.    From on or about August 24, 2021, through on or about August 26, 2021, ARAGON LANDAVERDE was in telephonic contact approximately five (5) times with the document vendor, FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" at his telephone number (last four digits 8523).

52.    Beginning in on or about August 2021, V.M.G. was documented in the MAGNOLIA payroll as having a Social Security Number (last four digits 9055).  Social Security Number (last four digits 9055) does not belong to V.M.G.   Social Security Number (last four digits 9055) is valid and belongs to identity theft victim K.W.

53.    Between in or about August 2021 and on or about October 8, 2021, MAGNOLIA paid V.M.G. $10 per hour to work at the laundry facility.  On or about September 10, 2021, EVANS issued MAGNOLIA paycheck 000972 for $2,004.04 from the business's bank account at Chesapeake Bank (last four digits 0578) to V.M.G., knowing V.M.G. had no legal authorization to work in the United States.  The check memo read, "Net pay through September 5."

54.    On or about September 24, 2021, EVANS issued MAGNOLIA paycheck 1030655 for $1,692.45 from the business's bank account at Chesapeake Bank (last four digits 0608) to V.M.G., knowing V.M.G. had no legal authorization to work in the United States.

55.    In or about September 2021, ARAGON LANDAVERDE collected two rent payments of $400 each from V.M.G. for her and her son G.M.G. to live inside the commercial laundry facility.  ARAGON LANDAVERDE collected an additional $1,000 cash from V.M.G. to

pay down the $12,000 debt owed by V.M.G. to ARAGON LANDAVERDE for the cost to illegally bring V.M.G. and G.M.G. to the United States to work at MAGNOLIA.

56.    In or about August 2021, at the MAGNOLIA warehouse, V.M.G. was prepared to go to sleep on her cot with her infant son. ARAGON LANDAVERDE ordered V.M.G. to go back to work. ARAGON LANDAVERDE threatened to strike V.M.G. with a large wooden ruler because ARAGON LANDAVERDE wanted V.M.G. to work more, to earn more money to repay her debt more quickly.

57.    In or about August 2021, ARAGON LANDAVERDE grabbed V.M.G. by the arms and shook her when V.M.G. expressed the desire for someone to care for her son, G.M.G., during the time V.M.G. was working her shifts at MAGNOLIA.

58.    In or about August 2021, ARAGON LANDAVERDE and VAUGHAN threatened to deport V.M.G. and take her child away if V.M.G. did not work more hours at MAGNOLIA.

**E.    Additional Payments for Foreign Nationals to Come to the United States.**

59.    On or about September 18, 2021, L.A.C.G. – an employee of MANGOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to J.S.M.B. in Michoacan, Mexico.

60.    On or about September 18, 2021, E.J.L.A. – an employee of MAGNOLIA – sent a MoneyGram wire transfer from Williamsburg, Virginia for $1,500 to J.N.L. in Michoacan, Mexico.

61.    On or about September 18, 2021, S.J.M.A. – an employee of MAGNOLIA – sent a Viamericas wire transfer from Williamsburg, Virginia for $1,500 to K.G.G. in Michoacan, Mexico.

62.     On or about September 18, 2021, ARAGON LANDAVERDE sent a Dolex wire transfer from Williamsburg, Virginia, for $1,000 to J.N.Q. in Michoacan, Mexico.

63.     On or about September 19, 2021, ARAGON LANDVERDE directed MAGNOLIA employee M.M. to send a MoneyGram wire transfer from Williamsburg, Virginia for $1,000 to P.P.C. in Veracruz, Mexico.

64.     On or about September 20, 2021, S.J.M.A. – an employee of MAGNOLIA – sent a Dolex wire transfer from Williamsburg, Virginia for $1,000 to J.F.Z.S. in Tamaulipas, Mexico.

65.     On or about September 20, 2021, L.A.C.G. – an employee of MAGNOLIA – sent a Dolex wire transfer from Williamsburg, Virginia for $1,500 to J.G.D.H. in Tamaulipas, Mexico.

**F.      Illegal Conduct Involving Victims F.P.A., I.E.L.A. and O.A.A.G.**

66.     On or about September 20, 2021, F.P.A. and two other individuals – I.E.L.A. and O.A.A.G. – illegally crossed the border from Mexico to the United States at location on the Texas, Mexico border that is unknown to the Grand Jury.  F.P.A., I.E.L.A., and O.A.A.G. were not encountered by the U.S. Border Patrol.

67.     In or about September 2021, ARAGON LANDAVERDE facilitated F.P.A. to purchase a fraudulent identification document for $250.00 to be used to gain employment at MAGNOLIA.  ARAGON LANDAVERDE took a photograph of F.P.A. and showed F.P.A. a photo of the finished documents.  ARAGON LANDAVERDE retained possession of the fraudulent documents.

68.     From on or about October 8, 2021, through on about October 9, 2021, ARAGON LANDAVERDE was in telephonic contact approximately twenty-three (23) times with Fraudulent Document Vendor FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" at his telephone number (last four digits 8523).

69.     Beginning in or about September 2021, VAUGHAN met with F.P.A., I.E.L.A., and O.A.A.G.  VAUGHAN informed F.P.A. he owed a $17,000 debt to ARAGON LANDAVERDE and VAUGHAN for the purported cost to bring F.P.A. from El Salvador to Virginia.

70.     Beginning in or about September 2021 through in or about November 2021, during the time he was employed at MAGNOLIA, F.P.A lived in the same residence with ARAGON LANDAVERDE, VAUGHAN, L.A.C.G., S.J.M.A., ARAGON LANDAVERDE's two grandchildren, and others.

71.     Beginning in on or about September 2021, F.P.A. was documented in the MAGNOLIA payroll as having a Social Security Number (last four digits 5200).  This Social Security Number (last four digits 5200) does not belong to F.P.A.  It is a valid Social Security Number that belongs to identity theft victim S.S.

72.     Beginning in or about September 2021, I.E.L.A. was documented in the MAGNOLIA payroll as having a Social Security Number (last four digits 0045).  This Social Security Number (last four digits 0045) does not belong to I.E.L.A.  It is not a valid Social Security Number.

73.     On or about October 12, 2021, EVANS issued MAGNOLIA paycheck 000978 for $843.01 from the business's bank account at Chesapeake Bank (last four digits 0578) to F.P.A., knowing F.P.A. had no legal authorization to work in the United States.

74.     On or about October 22, 2021, EVANS issued MAGNOLIA paycheck 1030671 for $1,441.06 from the business's bank account at Chesapeake Bank (last four digits 0608) to F.P.A., knowing F.P.A. had no legal authorization to work in the United States.

75.     On or about November 5, 2021, EVANS issued MAGNOLIA paycheck 1030680 for $1,510.82 from the business's bank account at Chesapeake Bank (last four digits 0608) to F.P.A., knowing F.P.A. had no legal authorization to work in the United States.

76.     In or about October 2021, ARAGON LANDAVERDE threatened to send F.P.A. back to El Salvador if he did not repay his debts and perform his work duties as directed.

77.     Beginning in or about September through in or about November 2021, F.P.A. witnessed ARAGON LANDAVERDE scream at M.G.M. and pull her hair – all while at the same time ordering her to get back to work.

**G.     Recorded Calls and Transactions Involving Fraudulent Documentation.**

78.     On or about June 6, 2022, an individual contacted MAGNOLIA by phone and spoke with EVANS regarding employment for his/her brother at MAGNOLIA. EVANS identified "Ms. Ana" from El Salvador as the MAGNOLIA supervisor. The individual informed EVANS his/her brother will be arriving from Mexico, and he does not have documents. EVANS stated, "I have to have a Social Security Number because I can't put somebody in payroll. We don't pay cash, we're not that kind of business, we use a payroll service and I have-to-have a Social Security Number, and I need a permanent resident card or some other form of identification in addition." EVANS asked the individual if his/her brother was trying to get papers when he gets here. The individual explained his/her brother is not coming to the United States with a Visa and when you come that way, there is no way to get legal papers. EVANS responded, "The legal ones, I understand." The individual confirmed with EVANS that his/her brother will need a Social Security Number and identification. EVANS answered in the affirmative. The individual inquired how much will MAGNOLIA investigate it? EVANS replied, "I don't do a background check, or anything based on that." EVANS stated, "One of the things I've read is, you know we use ADP

as our payroll service, they are a large national company, and they tell you, you can run a background check through their system, but, if you find that somebody is not really legal you can't use that as a reason not to hire them, it's like well, why would I run the background check then, you tell me I can't use that as a reason to not hire them, then I don't want to know." EVANS went on to say, "I am quite certain we have had people with false papers." EVANS stated, "I am not suggesting you do that." EVANS identified himself as one of the owners of the business and that he owns fifty percent of the business with his partner.

79.     On or about June 8, 2022, the individual met with ARAGON LANDAVERDE and EVANS at MAGNOLIA. The individual inquired if ARAGON LANDAVERDE had a contact to get "papers." The individual explained he/she used to have a source to get "papers." ARAGON LANDAVERDE requested the individual's cellphone number and the individual provided the number in writing to ARAGON LANDAVERDE.

80.     In or about June 2022, ARAGON LANDAVERDE contacted the individual on his/her cellphone number. ARAGON LANDAVERDE provided the individual with the telephone number (last four digits 8523) for FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" – a document vendor for the individual to purchase fraudulent identification documents.

81.     On or about July 7, 2022, an individual purchased a counterfeit Permanent Resident Card and counterfeit Social Security Card for $230 from FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" in Williamsburg, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523).

82.     On or about September 9, 2022, an individual purchased a counterfeit Permanent Resident Card and Social Security Card for $180 from FNU LNU, aka "Juanito," aka "Luisito,"

aka "Rodrigo SIS REYES" in North Chesterfield, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523).

83.     On or about November 10, 2022, an individual purchased a counterfeit Permanent Resident Card and Social Security Card for $150 from FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" in North Chesterfield, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523).

(All in violation of Title 18, United States Code, Section 371.)

## COUNTS TWO THROUGH FIVE
(Encouraging and Inducing Illegal Entry)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      On or about the dates listed below, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein,  aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, did encourage and induce certain aliens identified in the following Counts to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law:

| Count | Defendant(s) | Date (on or about) | Alien Induced/Encouraged |
|-------|--------------|--------------------|--------------------------|
| 2 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 02/11/2019 | M.G.M. |
| 3 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 02/11/2019 | M.C.G. |
| 4 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 08/11/2021 | V.M.G. |

| 5 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 09/20/2021 | F.P.A. |
|---|---|---|---|

(In violation of Title 8, United States Code, Section 1324(a)(l)(A)(iv) and Title 18, United States Code, Section 2.)

## COUNTS SIX THROUGH TWELVE
(Harboring Undocumented Non-Citizens)

THE GRAND JURY FURTHER CHARGES THAT:

1.    The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.    On or about the following date ranges, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, listed in the counts below, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, knowing and in reckless disregard of the fact that the following aliens had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield and did attempt to conceal, harbor and shield from detection such aliens in buildings and other places and by means of transportation for the purpose of commercial advantage and private financial gain:

| Count | Defendant(s) | Dates (on or about) | Alien Harbored |
|-------|-------------|---------------------|----------------|
| 6 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Feb. 2019 – Apr. 2022 | M.G.M. |
| 7 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Aug. – Oct. 2021 | V.M.G. |
| 8 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Sept. – Nov. 2021 | F.P.A. |
| 9 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Jan. – Dec. 2017 | M.M. |

| 10 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Sept. 2021 – March. 2022 | I.E.L.A. |
|----|----|----|----|
| 11 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Jan. – Dec.  2017 | N.R. |
| 12 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Feb. 2019 – Present | M.C.G. |

(In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and Title 18, United States Code, Section 2).

## COUNTS THIRTEEN THROUGH EIGHTEEN
### (Transporting Undocumented Non-Citizens)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      On or about the following dates and in the manner set forth below, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, knowing and in reckless disregard of the fact that the following aliens had come to, entered and remained in the United States in violation of law, did transport and move such aliens within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

| Count | Defendant(s) | Date (on or about) | Alien Transported |
|-------|-------------|--------------------|--------------------|
| 13 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 06/18/2019 | M.G.M. |
| 14 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | 08/12/2021 | V.M.G. |
| 15 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | Feb. – March 2021 | M.C.G. |
| 16 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | September 2021 | F.P.A. |

| 17 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | September 2021 | I.E.L.A. |
|----|---------------------------------------------|----------------|----------|
| 18 | ARAGON LANDAVERDE, VAUGHAN, EVANS, MAGNOLIA | September 2021 | O.A.A.G. |

(In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), and Title 18, United States Code, Section 2).

## COUNT NINETEEN
(Benefitting from Forced Labor)

THE GRAND JURY FURTHER CHARGES THAT:

1.     The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.     Between in or about August 2021 and in or about October 2021, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHANand GEORGE WILLIAM EVANS, the defendants herein, listed in the counts below, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, did knowingly financially benefit by receiving things of value, from participation in a venture which has engaged in the providing and obtaining of labor and services by V.M.G., by means of force, threats of force, and the abuse and threatened abuse of law and legal process by means of a scheme, plan, and pattern intend to cause V.M.G. to believe that, if V.M.G. did not perform such labor and services, that V.M.G. would suffer serious harm, physical restraint, and misuse of legal process.

(In violation of Title 18, United States Code, Section 1589(b).)

## COUNT TWENTY
(Human Trafficking of Labor)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      Between in or about February 2019 and in or about April 2022, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, listed in the counts below, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, knowingly recruited, harbored, transported, provided, and obtained the labor and services of M.G.M. by means of force, threats of force, and abuse or threatened abuse of law or legal process.

(In violation of Title 18, United States Code, Section 1590(a).)

<u>COUNT TWENTY-ONE THROUGH TWENTY-THREE</u>
(Unlawful Transfer of False Identification Documents)

THE GRAND JURY FURTHER CHARGES THAT:

1.     The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.     On or about the dates set forth below, in the Eastern District of Virginia, ANA PATRICA ARAGON LANDAVERDE, GEORGE WILLIAM EVANS, and FNU LNU, using a phone number (last four digits 8523) (a/k/a "Juanito," a/k/a "Luisito," a/k/a "Rodrigo Sis Reyes"), the defendant herein, listed in the counts below, did knowingly transfer the following identification documents, authentication features, and false identification documents knowing that such documents and features were stolen or produced without lawful authority, and said documents and features falsely appear to have been issued by and under the authority of the United States.

| Count | Defendant | Date (on or about) | Transaction |
|---|---|---|---|
| 21 | ARAGON LANDAVERDE, EVANS, FNU LNU, using a phone number (last four digits 8523) (a/k/a "Juanito," a/k/a "Luisito," a/k/a "Rodrigo Sis Reyes") | 7/7/2022 | EVANS and ARAGON LANDAVERDE coordinated for an individual to purchase a counterfeit Permanent Resident Card and counterfeit Social Security Card for $230 from FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" in Williamsburg, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523). |
| 22 | FNU LNU, using a phone number (last four digits 8523) (a/k/a "Juanito," a/k/a "Luisito," a/k/a "Rodrigo Sis Reyes") | 9/9/2022 | An individual purchased a counterfeit Permanent Resident Card and Social Security Card for $180 from FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" in North Chesterfield, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523). |

| 23 | FNU LNU, using a phone number (last four digits 8523) (a/k/a "Juanito," a/k/a "Luisito," a/k/a "Rodrigo Sis Reyes") | 11/10/2022 | An individual purchased a counterfeit Permanent Resident Card and Social Security Card for $150 from FNU LNU, aka "Juanito," aka "Luisito," aka "Rodrigo SIS REYES" in North Chesterfield, Virginia after communicating with FNU LNU on his telephone number (last four digits 8523). |

(In violation of Title 18, United States Code, Section 1028(a)(2) and 2.)

## COUNT TWENTY-FOUR
(Conspiracy to Launder Money)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      Beginning on a date unknown to the Grand Jury, but believed to be in or about at least 2017, and continuing until in or about the time of the Indictment, in the Eastern District of Virginia and elsewhere,   ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, along with others known and unknown to the Grand Jury, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a.      To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is conspiracy to commit offenses against the United States for the purpose of financial gain, as set forth in Count One of the Indictment, and violations of Title 8, United States Code, Sections 1324(a)(1)(A)(ii); (A)(iii) and (A)(iv), with the intent to promote the carrying on of specified unlawful activity, that is encouraging and inducing illegal entry (8 U.S.C. § 1324(a)(1)(A)(iv)), harboring undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(iii)), and transporting undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(ii)), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was for the co-conspirators to use the proceeds of encouraging and inducing illegal entry (8 U.S.C. § 1324(a)(1)(A)(iv)), harboring undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(iii), and transporting undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(ii) to facilitate the transportation of foreign nationals to illegally enter the United States for the purpose of those undocumented non-citizens to engage in work, and to pay, house, and transport those undocumented non-citizens once they were in the United States.

## WAYS, MANNER AND MEANS OF THE CONSPIRACY

1.      The Grand Jury adopts, re-alleges, and incorporates by reference herein the Ways, Manner, and Means section set forth in Count 1 of this indictment.

## OVERT ACTS

1.      The Overt Acts paragraphs 1 through 83 contained in Count One of this Indictment are incorporated herein by reference as if set out in full.

(In violation of Title 18, United States Code, Section 1956(h)).

## COUNTS TWENTY-FIVE THROUGH THIRTY
### (International Money Laundering)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.      On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, listed in the counts below, aided and abetted by others, and along with conspirators known and unknown to the Grand Jury, knowingly transported, transmitted, transferred, and caused the transport, transmission, and transfer of, and attempted to transport, transmission, and transfer of money instruments and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside the United States, with intent to promote the carrying on of specified unlawful activities, including encouraging and inducing illegal entry (8 U.S.C. § 1324(a)(1)(A)(iv)), harboring undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(iii), and transporting undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(ii), to wit:  the defendants made and caused to be made the following transactions to illegally bring workers from Central America to the United States to work in MAGNOLIA's commercial laundry business:

| Count | Defendants | Date | Financial Transaction |
|-------|-----------|------|----------------------|
| 25 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 2/9/2019 | MAGNOLIA employee S.J.M.A. wired approximately $1,000.00 from Williamsburg, Virginia, to L.H. in Santa Ana, El Salvador, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |
| 26 | ARAGON LANDAVERDE, | 6/7/2021 | ARAGON LANDAVERDE wired approximately $1,500 from Williamsburg, |

|  | VAUGHAN, EVANS |  | Virginia, to B.D.P.N. in Guanjuato, Mexico, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |
|---|---|---|---|
| 27 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 6/7/2021 | MAGNOLIA employee M.M. wired approximately $1,500 from Williamsburg, Virginia for $1,500 to A.P.N. in Guanjuato, Mexico, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |
| 28 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 8/5/2021 | MAGNOLIA employee L.A.C.G. wired approximately $1,250 from Williamsburg, Virginia, to M.I.G.C. in Tepotzotlan, Mexico, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |
| 29 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 9/18/2021 | ARAGON LANDAVERDE wired approximately $1,000 from Williamsburg, Virginia, to J.N.Q. in Michoacan, Mexico, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |
| 30 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 9/19/2021 | MAGNOLIA employee M.M. wired approximately $1,000 from Williamsburg, Virginia, to P.P.C. in Veracruz, Mexico, to pay for expenses to illegally bring a foreign national to the United States to work for MAGNOLIA. |

(In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

<u>COUNTS THIRTY-ONE – THIRTY-THREE</u>
(Engaging in Monetary Transactions in Criminally Derived Proceeds)

THE GRAND JURY FURTHER CHARGES THAT:

     1.    The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

     2.    On or about the following dates and in the manner described below, in the Eastern District of Virginia and elsewhere, ANA PATRICIA ARAGON LANDAVERDE, JEFFREY DEAN VAUGHAN and GEORGE WILLIAM EVANS, the defendants herein, listed in the counts below, aided and abetted by others, and along with conspirators known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution (as defined in 18 U.S.C. § 1956(c)(6), affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, proceeds from the operation of the MAGNOLIA business, such property having been derived from a specified unlawful activity, that is encouraging and inducing illegal entry (8 U.S.C. § 1324(a)(1)(A)(iv)), harboring undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(iii), and transporting undocumented non-citizens (8 U.S.C. § 1324(a)(1)(A)(ii).

| Count | Defendant(s) | Date (on or about) | Financial Transaction |
|---|---|---|---|
| 31 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 8/7/2019 | ARAGON LANDAVERDE, VAUGHAN, and EVANS caused a transfer from the MAGNOLIA business bank account (last four digits 0578) in the approximate amount of $16,395.96 to BA Kerner Properties for the rent for the commercial laundry facility located at *** Stafford Court in Williamsburg, Virginia. |
| 32 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 9/9/20 | ARAGON LANDAVERDE, VAUGHAN, and EVANS caused a transfer from the MAGNOLIA business bank account (last four digits 0578) in the approximate |

| | | | |
|---|---|---|---|
| | | | amount of $16,395.96 to BA Kerner Properties for the rent for the commercial laundry facility located at *** Stafford Court in Williamsburg, Virginia. |
| 33 | ARAGON LANDAVERDE, VAUGHAN, EVANS | 2/8/21 | ARAGON LANDAVERDE, VAUGHAN, and EVANS caused a transfer from the MAGNOLIA business bank account (last four digits 0578) in the approximate amount of $16,395.96 to BA Kerner Properties for the rent for the commercial laundry facility located at *** Stafford Court in Williamsburg, Virginia. |

(In violation of Title 18, United States Code, Sections 1957 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.     The defendants, if convicted of any of the violations alleged in Counts One through Eighteen of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a.     Any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the violation;

b.     Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the violation; and

c.     Any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

2.     The defendants, if convicted of either of the violations alleged in Counts Nineteen and Twenty of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a.     Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the violation; and

b.     Any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the violation.

3.     The defendants, if convicted of any of the violations alleged in Counts Twenty through Twenty-Three of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a.     Any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the violation;

b.      Any personal property used or intended to be used to commit the

violation;

4.      The defendants, if convicted of any of the violations alleged in Counts Twenty-Four through Thirty-Three of this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, involved in such offense, or any property traceable to such property.

5.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

6.      The assets subject to forfeiture include, but are not limited to:

a.      Real property and improvements located at **** Greenwich Mews, Williamsburg, Virginia.

b.      A 2016 Dodge Ram truck with VIN 1C6RR7TT2GS302570.

(In accordance with Title 18, United States Code, Sections 982(a)(1), 982(a)(2)(B), 982(a)(6), 1028(b)(5), 1594(d); Title 8, United States Code, Section 1324(b); and Title 28, United States Code, Section 2461(c).)

UNITED STATES v. ANA PATRICIA ARAGON LANDAVERDE, et al., 4:22-cr-92

A TRUE BILL: Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

_____
FOREPERSON

Jessica D. Aber
United States Attorney

By: _____
Brian J. Samuels
Managing Assistant United States Attorney
Eastern District of Virginia – Newport News
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Email:  brian.samuels@usdoj.gov

By: _____
D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia – Newport News
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Email:  mack.coleman@usdoj.gov